**IN THE COURT OF APPEALS OF IOWA**

No. 22-0413
Filed June 29, 2022

**IN THE INTEREST OF R.O.,**
**Minor Child,**

**J.S. and A.S.,**
    Petitioners-Appellees,

**N.T.J.,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, William S. Owens,

Associate Juvenile Judge.

A father appeals the termination of his parental rights to his child.

**AFFIRMED.**

Jonathan Willier, Centerville, for appellant.

Carly M. Schomaker of Gaumer, Emanuel, Carpenter & Goldsmith, P.C.,

Ottumwa, for appellees.

Sarah L. Wenke, Ottumwa, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

This is an appeal of a private action to terminate parental rights under Iowa Code chapter 600A (2021). The juvenile court granted the mother and stepfather's petition to terminate the father's parental rights to the child under Iowa Code section 600A.8(3). The father challenges the sufficiency of the evidence showing that (1) he abandoned the child and (2) termination is in the child's best interests. We review these claims de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020).

The child was born in 2013. The father had limited involvement with the child during the first two years of the child's life. He has not provided any financial support for the child since October 2014.[1] He has not seen or spoken to the child since the child's second birthday.

The mother began a relationship with J.S. in 2015. They married in 2019 and have two children together. The child considers J.S. to be his father. In July 2021, the mother and J.S. petitioned to terminate the father's parental rights to allow J.S. to adopt the child.

The matter proceeded to hearing. The child's guardian ad litem recommended terminating the father's rights. The juvenile court found the petitioners proved the father abandoned the child and termination is in the child's best interests. It granted the termination petition in a February 2022 order.

---

[1] In October 2014, the father received notice that his license was revoked for failing to pay child support. At the father's behest, the mother signed an affidavit stating she forever waived and released all support the father owed to her. The father has since failed to pay child support or provide financial contribution for the child's care.

The father first challenges the finding he abandoned the child. *See* Iowa Code § 600A.8(3) (allowing the court to terminate parental rights on clear and convincing proof that a parent has abandoned the child). "To abandon a minor child" means to "reject[] the duties imposed by the parent-child relationship, . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(20). A parent is considered to have abandoned a child six months of age or older "unless the parent maintains substantial and continuous or repeated contact with the child." *Id.* § 600A.8(3)(b). To prevent a finding of abandonment, a parent must provide "contribution toward support of the child of a reasonable amount, according to the parent's means." *Id.* The legislature provided three ways a parent can show "substantial and continuous or repeated contact":

> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.* The parent's subjective intent does not preclude a finding of abandonment. *See id.* § 600A.8(3)(c).

There is no question that the father failed to maintain either substantial and continuous or repeated contact with the child. But the father claims the mother prevented him from doing so. He also claims he could not maintain regular

communication with the mother because she blocked him from contacting her on social media—a claim for which he provided no evidence and which the mother disputes. We disagree with both assertions. The mother provided messages she exchanged with the father in the year after his last visit with the child in which she encouraged him to see the child again; the father's responses show he was unwilling to put forth even minimal effort to do so. As the district court observed, the real impediment to the father's ability to see the child is his own criminal behavior, as the father was in and out of jail. *See B.H.A.*, 938 N.W.2d at 234 (noting that a parent cannot use incarceration as justification for a lack of relationship with a child). The father was again incarcerated at the time of termination because his probation was revoked after an October 2021 arrest for assault. But even when not incarcerated, the father "took no real formative steps to establish or maintain a relationship with" the child. Nor did he provide financial support to the child in the past seven years. Clear and convincing evidence shows the father abandoned his parental duties.

The father also disputes the finding that termination is in the child's best interests. *See* Iowa Code § 600A.1(1) ("The best interest of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting this chapter."). "The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent." *Id.* § 600A.1(2). When determining whether a parent has affirmatively assumed this duty, the court must consider a parent's "fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort

to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life." *Id.*

The father bases his best-interests claim primarily on an August 2021 report to the Iowa Department of Human Services about the mother's methamphetamine use. He argues that, unlike the mother, he has no record of child abuse. But the father does have a long criminal record that includes violent offenses. Despite multiple convictions and chances to reform, his criminal activities have continued, with his most recent offense in October 2021. He was incarcerated at the time of the termination hearing as a result.

We recognize the mother's reported use of methamphetamine is not ideal. But currently, it is an isolated event. To her credit, the mother followed the department's recommendations and entered substance-abuse treatment. Due to her compliance, the department closed the case in December 2021.

The father has failed to affirmatively assume the duties encompassed by the role of being a parent, and the child has no relationship with him. Meanwhile, the mother has cared for the child since birth and is "a stay-at-home mom." The child also lives with two younger half-siblings and J.S., who has assumed the role abdicated by the father, both financially and emotionally. Terminating the father's parental rights will allow the stepfather to adopt the child. Clear and convincing evidence shows termination is in the child's best interests.

For these reasons, we affirm the termination of the father's parental rights to the child under Iowa Code section 600A.8(3)(b).

**AFFIRMED.**